## FINANCE SEC. CO., Inc., v. COMMISSIONER OF INTERNAL REVENUE.
### No. 6950.

Circuit Court of Appeals, Fifth Circuit.
March 21, 1934.

Albert A. Jones, of Washington, D. C., and Bascom D. Talley, of Bogalusa, La., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., Sewall Key and Norman D. Keller, Sp. Asst. Attys. Gen., and E. Barrett Prettyman, Gen. Counsel, Bureau of Internal Revenue, and F. B. Schlosser, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

The petitioner is engaged in the business of financing installment purchases of automobiles, buying the notes for the deferred payments. The Commissioner determined deficiencies of income taxes for the years 1927 and 1928 of respectively $848.60 and $614.73. On appeal to the Board of Tax Appeals the ruling of the Commissioner was approved. The facts were stipulated but appear only in the opinion of the Board which is not reported. Only two items on the returns are involved.

Petitioner credited $4 on each note received and carried it to a reserve account for bad debts. Section 234 (a) (5) of the Revenue Act of 1926, 26 USCA § 986 (a) (5) provides for the deduction of debts ascertained to be worthless and charged off within the taxable year or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts. Art. 151 of Regulations 69 (1926) is in keeping with the provision of the law. The Commissioner allowed all actual losses as deductions but disapproved the reserve method. The Board found that petitioner had failed to show the amounts of the notes and that the deductions were reasonable.

Petitioner insured the cars financed against fire and theft and charged the owners with the amount of insurance premiums. From time to time policies on certain cars were canceled and the unearned portion of the premium was returned to petitioner. Petitioner credited these returned premiums to an insurance account and did not return them as income. Thereafter it carried the risk itself. The Commissioner added these amounts to the income of petitioner for the years in which the deficiency was determined.

As the car owner had paid for the full amount of insurance to be carried on the car, it could not be questioned that when an unearned part of the premium was returned to petitioner it was income. The only question that could arise in that respect was whether the books of petitioner were kept on the cash receipts and disbursements or accrual basis. The Commissioner used the cash basis in determining the deficiencies.

The Board held that petitioner had failed to show how its books were kept.

As to both items the Board held that petitioner had failed to overcome the presumption arising in favor of the Commissioner's rulings. We agree with the conclusions of the Board. The record presents no reversible error. The petition is denied.